**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HELDER FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3817 |
| | § | |
| EUREKA MULTIFAMILY GROUP, | § | |
| 2015 HOUSTON GULFTON LLC, | § | |
| LA ESTANCIA APARTMENTS, CITY | § | |
| OF HOUSTON, THOMAS L. HARRIS, | § | |
| AND ANTON M. MAWHOOD, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & OPINION DENYING
MOTION TO DISMISS FOR FAILURE TO DILIGENTLY SERVE**

The court heard argument from counsel on the defendants' motions to dismiss on April 23, 2018. (Docket Entry No. 35). The court ruled on the motions, but took under advisement the Apartment Complex defendants' motion to dismiss based on the statute of limitations. The court requested supplemental authorities from Flores and the Apartment Complex defendants on whether: (1) delaying service through the resolution of a pending criminal case has been accepted as a valid explanation for delaying service; and (2) whether prejudice to the defendant is a factor in the inquiry into diligent efforts to effect service. The parties submitted their supplemental authorities. (Docket Entry Nos. 36, 37).

"[I]t is well established that federal district courts look 'to state law to ascertain whether service was properly made prior to removal' . . . ." *Scott v. Cypress Creek Emergency Med. Servs.*, No. H-06-1436, 2007 U.S. Dist. LEXIS 54632, at *5 (S.D. Tex. July 27, 2007) (quoting *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)); *see also* WRIGHT &

MILLER, FED. PRAC. & PROC. CIV. § 1137 (4TH ED.) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court . . . .").

Texas has no statutory time period to serve a defendant, as long as it is before the statute of limitations expires. *See, e.g.*, *$6453.00 v. State*, 63 S.W.3d 533, 536 (Tex. App.—Waco 2001, no pet.) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). If the petition is timely filed, a plaintiff may still serve the defendant *after* the statute of limitations expires provided the plaintiff exercised due diligence in attempting to serve before then. *Id.*; *see also Contreras v. Chavez*, 420 Fed. App'x 379, 381 (5th Cir. 2011) ("A plaintiff's failure to serve defendant with process until after the limitations period has expired is excused only if the plaintiff exercised due diligence in effectuating service."). In order to toll the statute of limitations, a plaintiff must satisfy both requirements—timely filing and diligent service. *Contreras*, 420 Fed. App'x at 381.

Due diligence is a question of fact. *Id.* (citing *Saenz v. Keller Indus. of Tex.*, 951 F.2d 665, 667 (5th Cir. 1992)). "The test for due diligence is whether the plaintiff (1) acted as an ordinary prudent person would have under the same circumstances, and (2) was diligent up until the defendant was served." *Id.* (citing *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App.—Dallas 2001, no pet.); *Eichel v. Ullah*, 831 S.W.2d 42, 44 (Tex. App.—El Paso 1992, no writ)). "Extended periods of time in which no attempt at service of process are made—which are unexplained—as a matter of law show lack of due diligence." *Id.* (citing *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ)); *see also Contreras*, 420 Fed. App'x at 381 (Texas courts have found that unexplained delays of more than four, five, or six months negates due diligence as a

matter of law (collecting cases)); *Saenz*, 951 F.2d at 667 ("The determination of due diligence is usually a fact question; the standard is the ordinary prudent person standard. However, lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence." (citations omitted)). When an explanation is offered, "[o]nly in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law." *Saenz*, 951 F.2d at 667.

The underlying events in this lawsuit occurred on July 23, 2015. The two-year statute of limitations period expired on July 23, 2017. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. Flores filed suit in Texas state court on July 25, 2016. The La Estancia defendants submit evidence that the first and only attempt Flores made to serve them was on November 3, 2017, more than three months after the limitations period expired and more than fifteen months after he filed the case. (Docket Entry No. 23-4).

On July 26, 2017, Flores filed a motion to retain this case in state court, after the court sent a notice that it would dismiss for want of prosecution. In that motion, Flores stated that the defendants had not yet been served, but that he would promptly request service "upon resolution of the pending criminal suit." (Docket Entry No. 23-3 at 2). Flores now explains that he "waited to request service until after the completion of the criminal trial proceeding." (*Id.* at 10).

Flores cites two cases that discuss the general standards for due diligence in service and two cases that discuss the standard to stay a federal case pending the resolution of a state criminal case. *See Saenz*, 951 F.2d at 667; *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126 (Tex. App.—Texarkana 1986, no writ) (explaining that diligence is usually a question of fact unless no

explanation is offered or the excuse affirmatively establishes a lack of reasonable diligence); *Reed-Veal v. Encinia*, H.15-2232, 206 U.S. Dist. LEXIS 171045 (S.D. Tex. Mar. 17, 2016); *Villani v. Devol*, 15-852-JWD-EWD, 2016 U.S. Dist. LEXIS 47097 (M.D. La. Apr. 7, 2016). Flores argues that the cases the La Estancia defendants cite in their brief are inapplicable or are distinguishable on the facts. Flores argues that they involved "much greater delays in service than those at issue in the instant case." (Docket Entry No. 26 at 9); *see Casas v. City of Fort Worth Police Dep't*, No. 4:15-CV-872-O, 2017 U.S. Dist. LEXIS 136347 (N.D. Tex. May 17, 2017) (no due diligence when the plaintiff attempted to serve the defendants within the first 30 days after filing suit and then did nothing for 14 months, stating only that he was trying to "educate himself" on how to handle a lawsuit); *Contreras*, 420 Fed. App'x at 380 (no due diligence when the plaintiff filed suit one day before the limitations period expired and neither tried to serve the defendants nor gave a reason for the delay); *Webster*, 5 S.W.3d at 291 (no due diligence when the plaintiff filed suit on the last day of the two-year limitations period and took "careless and not persistent" steps to serve for four months and 10 days).

The La Estancia defendants did not present the court with any case law that includes prejudice to the defendant as a factor in the diligence analysis. Instead, the case law focuses on whether the plaintiff's excuse and explanation sufficiently show diligence. *See Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47 (Tex. App.—San Antonio 1999) ("The proffered explanation of miscommunication is not valid because it does not involve diligence to seek service of process."); *Slagle v. Prickett*, 345 S.W.3d 693 (Tex. App.—El Paso 2011) ("Slagle's excuse does not demonstrate any steps he took to obtain service during the three-month period. Rather, he merely attempts to excuse why he did nothing. But when a defendant complains of lack of due diligence

in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing."); *Numan v. Seafood Supply Co.*, No. 05-99-01974-CV, 2001 WL 253866 (Tex. App.—Dallas 2001) (not designated for publication) (the plaintiff's "explanation must involve diligence *to seek service* of process.").

There are good reasons why a plaintiff would delay service of process pending the resolution of a related criminal case, including the protection of his Fifth Amendment rights. Flores has at least raised a fact issue as to whether he exercised due diligence in serving the Apartment Complex defendants. The motion to dismiss based on the statute of limitations argument is denied, without prejudice to reurge the argument on an expanded record, to be decided by the finder of fact.

SIGNED on May 7, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge